No. 3:19-CV-00291
_____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
_____

In re:

ACIS CAPITAL MANAGEMENT, L.P., et al.,

Debtors.

* * * * * * * * * * * * * *

HIGHLAND CAPITAL MANAGEMENT, L.P., et al.,
Appellants,

vs.

ROBIN PHELAN, CHAPTER 11 TRUSTEE, et al.,
Appellees.
_____

**STATEMENT OF ISSUES BY APPELLANTS
HIGHLAND CAPITAL MANAGEMENT, L.P., and NEUTRA LTD.**
_____

Appellants Highland Capital Management, L.P., and Neutra Ltd. state these issues for the appeal of the *Opinion* affirming the bankruptcy court's orders and rulings of January 31, 2019 [Doc. 75] and the *Judgment* affirming the bankruptcy court's orders and rulings of January 31, 2019 [Doc. 76]:

1. Did the bankruptcy court err in denying the debtors' motion to dismiss the involuntary petitions for lack of subject matter jurisdiction (or, alternatively, in denying their motion to compel arbitration)?

1

2. Did the bankruptcy court err in addressing the confirmation of the proposed plan of reorganization while an appeal of the Orders for Relief was pending (an appeal that would resolve issues material to confirmation)?

3. Did the bankruptcy court err in ruling that the Chapter 11 Trustee satisfied the requirements of 11 U.S.C. §§ 1129(a)(3), 1129(a)(5), and 1129(b) for confirming the plan of reorganization?

4. Did the bankruptcy court abuse its discretion in approving the temporary plan injunction as part of the plan? This issue includes the following:

- Did the court have jurisdiction to confirm a plan of reorganization premised on an "asset freeze" injunction designed to protect the debtor's interest in avoiding a purported fraudulent transfer of a contract to non-creditors when the court has no authority to render a final judgment on the fraudulent transfer claim?

- Did the court err in confirming a plan premised on an injunction that—instead of maintaining the status quo—grants the debtor control over property that does not belong to the estate, eliminates the debtor's fiduciary duties, and grants the debtor rights beyond the contract rights that could be recovered on the fraudulent-transfer claim in the underlying adversary proceeding?

- Did the Chapter 11 Trustee, the party seeking the injunction, prove all four factors needed to establish the right to an injunction?

5. Are the bankruptcy court's findings of fact issued in support of the above rulings clearly erroneous?

Respectfully submitted,

*/s/ Holland N. O'Neil*
Holland N. O'Neil
Texas Bar No. 14864700
honeil@foley.com
Jason B. Binford
Texas Bar No. 24045499
jbinford@foley.com
Stacy R. Obenhaus
Texas Bar No. 15161570
sobenhaus@foley.com
Debbie E. Green
Texas Bar No. 24059852
dgreen@foley.com
Foley & Lardner LLP
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Tel:  214.999.3000
Fax: 214.999.4667

Michael K. Hurst
Texas Bar No. 10316310
mhurst@lynnllp.com
David S. Coale
Texas Bar No. 00787255
dcoale@lynnllp.com
Lynn Pinker Cox & Hurst LLP
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Tel:  214.981.3800
Fax: 214.981.3839

COUNSEL FOR HIGHLAND CAPITAL MANAGEMENT, L.P., and NEUTRA LTD.

## CERTIFICATE OF SERVICE

I certify that on **August 7, 2019**, a copy of this document was served through the court's ECF system on counsel below:

| | |
|---|---|
| Mark M. Maloney<br>Ashley C. Parrish<br>Rebecca T. Matsumura<br>King & Spalding LLP<br>1180 Peachtree Street NE<br>Atlanta, Georgia 30309<br>mmaloney@kslaw.com<br>aparrish@kslaw.com<br>rmatsumura@kslaw.com<br><br>Brian Patrick Shaw Jr.<br>Rogge Dunn Group PC<br>500 N. Akard, Suite 1900<br>Dallas, Texas 75201<br>shaw@roggedunngroup.com | Rakhee V. Patel<br>Phillip L. Lamberson<br>Annmarie A. Chiarello<br>Jason Enright<br>Winstead PC<br>500 Winstead Building<br>2728 N. Harwood Street<br>Dallas, Texas 75201<br>rpatel@winstead.com<br>plamberson@winstead.com<br>achiarello@winstead.com<br>jenright@winstead.com |

*/s/ Stacy R. Obenhaus*
Stacy R. Obenhaus

4812-3825-9359.2